1  Raffi Kassabian (SBN 260358)
   Email: rkassabian@reedsmith.com
2  Reed Smith LLP
   355 South Grand Avenue, Suite 2900
3  Los Angeles, CA  90071-1514
   Telephone: +1 213 457 8000
4  Facsimile: +1 213 457 8080

5  Matthew S. Vesterdahl (SBN 279769)
   Email: mvesterdahl@reedsmith.com
6  Reed Smith LLP
   101 Second Street, Suite 1800
7  San Francisco, CA  94105-3659
   Telephone: +1 415 543 8700
8  Facsimile: +1 415 391 8269

9  Attorneys for Defendants
   Bank of America, N.A., successor by merger to
10 LaSalle Bank, N.A., as Trustee for Washington
   Mutual Mortgage Pass-Through Certificates,
11 WMALT Series 2007-OA3 Trust (erroneously
   sued as "Bank of America, N.A. as successor in
12 interest to LaSalle Bank, N.A. as trustee for
   Washington Mutual Mortgage Pass-Through
13 Certificates, WAMU Series 2007-OA3 Trust"); and
   Mortgage Electronic Registration Systems, Inc.

14

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17 DAVID G. VELEZ,                          No.:  5:13-cv-02834-PSG

18              Plaintiff,                   **DEFENDANTS' NOTICE OF MOTION AND
                                             MOTION TO DISMISS PLAINTIFF DAVID
19       vs.                                 G. VELEZ'S FIRST AMENDED
                                             COMPLAINT; MEMORANDUM OF
20 BANK OF AMERICA, N.A. AS SUCCESSOR IN     POINTS AND AUTHORITIES IN SUPPORT
   INTEREST TO LASALLE BANK, N.A. AS         THEREOF**
21 TRUSTEE FOR WASHINGTON MUTUAL
   MORTGAGE PASS-THROUGH CERTIFICATES,       Date:         April 1, 2014
22 WAMU SERIES 2007-OA3TRUST, JP MORGAN      Time:         10:00 a.m.
   CHASE BANK, N.A., CALIFORNIA              Place:        Courtroom 5 – 4th Floor
23 RECONVEYANCE COMPANY, MORTGAGE            Compl. Filed: June 20, 2013
   ELECTRONIC REGISTRATION SYSTEMS,          FAC Filed:    January 17, 2014
24 INC., individually; DOES 1-100, inclusive,

25              Defendants.                  Honorable Paul S. Grewal

26                                           *[Filed concurrently with Request for Judicial
                                             Notice; and [Proposed] Order and Judgment]*

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO PLAINTIFF DAVID G. VELEZ AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 1, 2014 at 10:00 a.m., in Courtroom No. 5 – 4th Floor of the San Jose Courthouse, located at 280 South 1st Street, San Jose, California, 95113, Defendants Bank of America, N.A., successor by merger to LaSalle Bank, N.A., as Trustee for Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2007-OA3 Trust (erroneously sued as "Bank of America, N.A. as successor in interest to LaSalle Bank, N.A. as trustee for Washington Mutual Mortgage Pass-Through Certificates, WAMU Series 2007-OA3 Trust"); and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") will and hereby do move this Court pursuant to Fed. R. Civ. Proc. 12(b)(6) for an order dismissing the First Amended Complaint ("FAC") of Plaintiff David G. Velez ("Plaintiff"), and each claim for relief alleged therein against Defendants, on the grounds that the FAC fails to state any claim upon which relief can be granted.

To the extent a *lis pendens* is recorded against the underlying property commonly identified as 2180 Wynfair Ridge Way, San Jose, California 95138, Defendants requests that it be expunged.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Defendants' Request for Judicial Notice and exhibits attached thereto, court records and files, and such other matters that the Court may consider at the hearing on the Motion.

Pursuant to Local Rule 7-3, Defendants attempted to meet and confer with Plaintiff on February 5, 2014, prior to filing their Motion to Dismiss.

DATED:  February 6, 2014                     REED SMITH LLP

By:   _/s/ Matthew S. Vesterdahl_____
Matthew Vesterdahl (SBN 279769)
Attorneys for Defendants
Bank of America, N.A., successor by merger to
LaSalle Bank, N.A., as Trustee for Washington
Mutual Mortgage Pass-Through Certificates,
WMALT Series 2007-OA3 Trust (erroneously sued as
"Bank of America, N.A. as successor in interest to
LaSalle Bank, N.A. as trustee for Washington Mutual
Mortgage Pass-Through Certificates, WAMU Series
2007-OA3 Trust"); and Mortgage Electronic
Registration Systems, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................................ 1

II.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY ................................ 2

III.  LEGAL STANDARD .................................................................................................. 3

IV.   LEGAL ARGUMENT ................................................................................................. 4

    A.   Plaintiff's Loan Origination Claims Are Time-Barred ..................................... 4

    B.   Defendants Were Authorized To Foreclose And Did So Lawfully .................... 5

        1.   Plaintiff Fails To Allege Tender .............................................................. 6

        2.   Plaintiff Lacks Standing To Challenge The Foreclosure Proceedings .... 7

        3.   The Judicially Noticeable Documents Establish Defendants Have
            Authority To Foreclose ............................................................................ 8

        4.   Plaintiff Has Not Alleged A Violation Of Section 2923.5 ...................... 9

        5.   Securitization Did Not Affect Defendants' Interests ............................. 10

        6.   Plaintiff's "Robo-Signing" Claims Fail As A Matter Of Law .............. 12

        7.   Plaintiff Does Not Allege He Was Prejudiced By A Procedural Defect . 13

    C.   Plaintiff Cannot Maintain A Cause Of Action For Breach Of Express Or
        Breach Of Implied Agreements ...................................................................... 14

        1.   Plaintiff's Breach of Contract Claim Fails ............................................ 14

        2.   Plaintiff's Claim For "Breach of Implied Agreements" Fails .............. 15

    D.   Plaintiff's Third Cause Of Action For Slander Of Title Fails To State A Claim ............. 16

    E.   Plaintiff's Sixth Cause Of Action Fails To State A Violation Of RESPA ...................... 17

    F.   Plaintiff's Seventh Cause Of Action For Violation Of RICO Is Inadequately
        Pled ................................................................................................................ 18

    G.   Plaintiff's Eighth Cause Of Action For Violation Of The UCL Fails To State A
        Claim .............................................................................................................. 19

        1.   Plaintiff Lacks Standing To Assert A Claim Under The UCL ............... 20

        2.   Plaintiff Fails To Allege Any Wrongful Conduct ................................. 20

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

H.  Plaintiff's Ninth Cause Of Action Fails To State A Violation Of TILA ......................... 21

    1.  Plaintiff's TILA Claim Is Inadequately Pled ..................................................... 22

    2.  Plaintiff Fails To Allege Reliance Or Damages ................................................. 22

V.  CONCLUSION ......................................................................................................................... 23

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TABLE OF AUTHORITIES**

**CASES**

*Abdallah v. United Sav. Bank*,
  43 Cal. App. 4th 1101 (1996) ............................................................................ 6

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
  988 F.2d 1157 (Fed. Cir. 1993) ........................................................................ 4

*Alicea v. GE Money Bank*,
  2009 WL 2136969 (N.D. Cal. 2009) ............................................................... 6

*Allen v. United Fin. Mortgage Corp.*,
  660 F. Supp. 2d 1089 (N.D. Cal. 2009) ........................................................ 18

*Arabia v. BAC Home Loans Servicing, L.P.*,
  208 Cal.App.4th 462 (2012) ............................................................................ 11

*Armeni v. America's Wholesale Lender*,
  2012 WL 253967  (C.D. Cal. Jan. 25, 2012) ............................................... 15

*Arnolds Mgmt. Corp. v. Eischen*,
  158 Cal. App. 3d 575 (1984) .......................................................................... 6

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ................................................................................... 4

*Banh v. Bank of America, N.A.*,
  2012 WL 1670211 (N.D.Cal., 2012) ............................................................. 19

*Bascos v. Fed. Home Loan Mortg. Corp.*,
  2011 WL 3157063 (C.D. Cal. July 22, 2011) ............................................... 12

*Beach v. Ocwen Fed. Bank*,
  523 U.S. 410 (1998) ....................................................................................... 22

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................. 4, 18

*Bernardi v. Deutsche Bank Nat'l Trust Co. Am.*,
  2013 WL 163285 (N.D.Cal. 2013) ............................................................... 11

*Bernardi v. JPMorgan Chase Bank, N.A.*,
  2012 WL 33894 (N.D. Cal. Jan. 6, 2012) ..................................................... 13

*Bhandari v. Capital One, N.A.*,
  Case No. 5:12-cv-4533-PSG, 2012 U.S. Dist. LEXIS 182317 ...................... 18

*Cal. Sansome Co. v. U.S. Gypsum*,
  55 F.3d 1402 (9th Cir. 1995) ......................................................................... 21

*Cataulin v. Wash. Mut. Bank, SFB*,
  2009 WL 648921 (S.D. Cal. Mar. 9, 2009) ................................................... 23

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
  20 Cal. 4th 163 (1999) .................................................................................... 21

*Chabner v. United Omaha Life Ins. Co.*,
  225 F.3d 1042 (9th Cir. 2000) ........................................................................ 20

*Chan Tang v. Bank of America, N.A.*,
  2012 WL 960373 (C.D. Cal., 2012) ............................................................... 10

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

*Chua v. IB Prop. Holdings, LLC*,
  No. CV 11-05894 DDP (SPx), 2011 WL 3322884 (C.D. Cal. Aug. 1, 2011).............................. 13

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994) ......................................................................................... 4

*Deerinck v. Heritage Plaza Mortg. Inc.*,
  2012 WL 1085520 (E.D. Cal., 2012)............................................................................ 15

*Dumas v. Kipp*,
  90 F.3d 386 (9th Cir. 1996) ......................................................................................... 4

*Durrell v. Sharp Healthcare*,
  183 Cal .App. 4th 1350 (2010) ................................................................................... 15

*Frazier v. Metropolitan Life Ins. Co.*,
  169 Cal .App. 3d 90 (1985) .......................................................................................... 5

*Gaitan v. MERS*,
  2009 WL 3244729 (C.D. Cal. 2009)............................................................................ 21

*Garcia v. Wachovia Mortg. Corp., No.*,
  09-03925, 2009 WL 3837621 (C.D. Cal. Oct. 14, 2009) ............................................. 23

*Gilbert v. Chase Home Finance, LLC*,
  2013 U.S. Dist. LEXIS 74772 (E.D. Cal. May 28, 2013).............................................. 12

*Gilmore v. Am. Mortg. Network*,
  2012 WL 6193843 (C.D. Cal. 2012) ........................................................................... 13

*Gold Country Lenders v. Smith*,
  289 F.3d 1155 (9th Cir. 2002) .................................................................................... 23

*Gomes v. Countrywide Home Loans, Inc.*,
  192 Cal. App. 4th 1149 (2011) ..................................................................................... 7

*Guz v. Bechtel Nat'l, Inc.*,
  24 Cal. 4th 317 (2000) ................................................................................................ 16

*H.J. Inc. v. Nw. Bell Tel. Co.*,
  492 U.S. 229, 109 S. Ct. 2893 (1989).......................................................................... 19

*Hafiz v. Greenpoint Mortg. Funding, Inc.*,
  652 F. Supp. 2d 1039 (N.D. Cal. 2009) ........................................................................ 11

*Hamilton v. Bank of Blue Valley*,
  746 F. Supp. 2d 1160 (E.D. Cal. 2010) ........................................................................ 18

*Herrera v. Countrywide KB Home Loans*,
  No. 10-0902 JF (HRL), 2010 WL 1839010 (N.D. Cal. May 4, 2010) ......................... 22

*Howard Jarvis Taxpayers Ass'n v. City of La Habra*,
  25 Cal. 4th 809 (2001) .................................................................................................. 5

*Howard v. Schaniel*,
  113 Cal. App. 3d 256 (1980) ...................................................................................... 16

*Ileto v. Glock Inc.*,
  349 F.3d 1191 (9th Cir. 2003) ...................................................................................... 4

*In re Tobacco II Cases*,
  46 Cal. 4th 298 (2009) ................................................................................................ 21

*Jackson v. Ocwen Loan Servicing, LLC*,
  2010 WL 329497 (E.D. Cal. 2010)............................................................................... 16

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– iv –

*Janolkar v. Bank of America, N.A.*,
  2012 WL 6115629 (N.D.Cal., 2012) ............................................................... 11

*Javaheri v. JPMorgan Chase Bank*,
  2012 WL 3426278 (C.D. Cal. 2012) ............................................................... 13

*Jenkins v. JP Mortgage Chase Bank, N.A.*,
  216 Cal.App.4th 497 (2013) .................................................................... 7, 11

*Jensen v. Quality Loan Serv. Corp.*,
  702 F. Supp. 2d 1183 (E.D. Cal. 2010) ............................................................ 5

*Justice v. Countrywide Home Loans, Inc.*,
  No. 05-008, 2006 WL 141746 (E.D. Tenn. Jan. 18, 2006) ...................................... 22

*Kasky v. Nike, Inc.*,
  27 Cal.4th 939 (2002) ............................................................................ 21

*Khoury v. Maly's of California*,
  14 Cal. App. 4th 612 (1993) ..................................................................... 21

*King v. California*,
  784 F.2d 910 (9th Cir. 1986) ..................................................................... 5

*Knapp v. Doherty*,
  123 Cal. App. 4th 76 (2004) ..................................................................... 13

*Lane v. Vitek Real Estate Indus. Grp.*,
  713 F. Supp. 2d 1092 (E.D. Cal. 2010) ........................................................... 11

*Lee v. Escrow Consultants, Inc.*,
  210 Cal. App. 3d 915 (1989) ...................................................................... 5

*Logvinov v. Wells Fargo Bank*,
  2011 WL 6140995 (N.D. Cal. 2011) ............................................................... 11

*Lona v. Citibank, N.A.*,
  202 Cal. App. 4th 89 (2011) ...................................................................... 6

*Mabry v. Superior Court of Orange County*,
  185 Cal. App. 4th 208 (2010) .................................................................. 6, 10

*Marks v. Chicoine*,
  No. 06-06806, 2007 WL 160992 (N.D. Cal. Jan. 18, 2007) ...................................... 22

*McGlinchy v. Shell Chem. Co.*,
  845 F.2d 802 (9th Cir. 1988) ..................................................................... 4

*McGough v. Wells Fargo Bank, N.A.*,
  2012 U.S. Dist. LEXIS 84327 (N.D. Cal. June 18, 2013) ......................................... 12

*McLaughlin v. Wells Fargo Bank, N.A.*,
  2013 WL 1164432 (C.D.Cal., 2013) ............................................................... 12

*Meyer v. Ameriquest Mort. Co.*,
  342 F.3d 899 (9th Cir. 2003) ..................................................................... 5

*Miguel v. Country Funding Corp.*,
  309 F.3d 1161 (9th Cir. 2002) ................................................................. 5, 22

*Moeller v. Lien*,
  25 Cal. App. 4th 822 (1994) ...................................................................... 8

*Monaco v. Bear Stearns Residential Mortg. Corp.*,
  554 F. Supp. 2d 1034 (C.D. Cal. 2008) ........................................................... 5

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– v –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Navarro v. Block*,
  250 F. 3d 729 (9th Cir. 2001) .................................................................................. 3

*Neitzke v. Williams*,
  490 U.S. 319 (1989).............................................................................................. 3

*Newman v. Bank of New York Mellon*,
  2013 WL 5603316 (E.D. Cal. Oct. 11, 2013) .......................................................... 12

*Nguyen v. Bank of Am. Nat'l Ass'n*,
  No. 11–3318, 2011 WL 5574917 (N.D. Cal. Nov. 15, 2011)...................................... 11

*Odom v. Microsoft Corp.*,
  486 F.3d 541 .......................................................................................................... 19

*Ogilvie v. Select Portfolio Servicing*,
  2012 WL 4891583 (N.D.Cal., 2012) ...................................................................... 15

*Pantoja v. Countrywide Home Loans, Inc.*,
  640 F. Supp. 2d 1177 (N.D. Cal. 2009) .................................................................. 13

*Pasadena Live, LLC v. City of Pasadena*,
  114 Cal. App. 4th 1089 (2004) .............................................................................. 16

*Pedersen v. Greenpoint Mortg. Funding, Inc.*,
  900 F.Supp.2d 1071 (E.D. Cal. 2012) .................................................................... 12

*Permito v. Wells Fargo Bank, N.A.*,
  2012 WL 1380322 (N.D.Cal. 2012) ...................................................................... 15

*R&B Auto Ctr., Inc. v. Farmers Group, Inc.*,
  140 Cal. App. 4th 327 (2006) ................................................................................ 20

*Ramos v. Citimortgage, Inc.*,
  No. 08-02250 WBS KJM, 2009 WL 86744 (E.D. Cal. Jan. 8, 2009) .......................... 22

*Reyes v. GMAC Mortg. LLC*,
  No. 11–0100, 2011 WL 1322775 (D. Nev. Apr. 5, 2011) ................................... 11, 15

*Reyes v. WMC Mortg. Corp.*,
  2012 WL 1067560 (N.D.Cal., 2012) ...................................................................... 19

*Robertson v. Dean Witter Reynolds, Inc.*,
  749 F.2d 530 ........................................................................................................ 3

*Robinson v. Countrywide Home Loans, Inc.*,
  199 Cal. App. 4th 42 (2011) .................................................................................. 7

*Sabherwal v. Bank of New York Mellon*,
  2013 WL 101407 (S.D.Cal., 2013)........................................................................ 12

*Sanchez v. American Brokers Conduit*,
  2011 WL 164634 (C.D.Cal., 2011) ........................................................................ 19

*Schulz v. Neovi Data Corp*,
  152 Cal. App. 4th 86 (2007) .................................................................................. 20

*Schwartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ................................................................................ 4

*Scripps Clinic v. Super. Ct.*,
  108 Cal. App. 4th 917 (2003) ................................................................................ 21

*Sedima, S.P.R.L. v. Imrex Co.*,
  473 U.S. 479, 105 S. Ct. 3275 (1985) .................................................................... 19

*Siliga v. Mortgage Electronic Registration Systems, Inc.*,
219 Cal.App.4th 75 (2013) ............................................................................................... 7

*Somsanith v. Bank of Am., N.A.*,
No. 09-1792, 2009 WL 3756693 (E.D. Cal. Nov. 6, 2009) ........................................ 10

*Sun Sav. & Loan Ass'n v. Dierdorff*,
825 F.2d 187 (9th Cir. 1987) ........................................................................................ 19

*Swanson v. EMC Mortg. Corp.*,
2009 WL 3627925 (E.D. Cal. Oct. 29, 2009) ........................................................... 18

*Turner v. Cook*,
362 F.3d 1219 (9th Cir. 2004) ...................................................................................... 19

*Valenzuela v. Am. Home Mortg. Inv. Trust*
*2005-2*, No. CV-F-08-1179 OWW/SMS, 2009 U.S. Dist. LEXIS 31111 (E.D. Cal. 2009) ......... 16

*Wall St. Network, Ltd. v. New York Times Co.*,
164 Cal. App. 4th 1171 (2008) .................................................................................... 14

*Yamamoto v. Bank of N.Y.*,
329 F.3d 1167 (9th Cir. 2003) ...................................................................................... 23

**STATUTES**

12 U.S.C. § 2605(e)(1)(A) .............................................................................................. 17

12 U.S.C. § 2605(e)(1)(B) .............................................................................................. 17

12 U.S.C. § 2605(e)(2)(B) .............................................................................................. 18

12 U.S.C. § 2605(f)(1)(A) ............................................................................................... 18

12 U.S.C. § 2605(i)(3) ..................................................................................................... 17

12 U.S.C. § 2614 ................................................................................................................ 4

15 U.S.C. § 1635(e)(1) ................................................................................................... 23

15 U.S.C. § 1635(f) ..................................................................................................... 5, 22

15 U.S.C. § 1640(a) ........................................................................................................ 23

15 U.S.C. § 1640(e) ..................................................................................................... 5, 22

15 U.S.C. § 1641(f)(1) .................................................................................................... 22

15 U.S.C. § 1641(f)(2) .................................................................................................... 22

15 U.S.C. § 1641(g)(1) ................................................................................................... 22

18 U.S.C. § 1961(5) ........................................................................................................ 19

18 U.S.C. §§ 1962(c), (d) .............................................................................................. 19

Cal. Bus. & Prof. Code § 17204 ................................................................................... 20

Cal. Bus. & Prof. Code § 17208 ..................................................................................... 5

Cal. Civ. Code § 2923.5 ................................................................................................... 9

Cal. Civ. Code § 2923.5(g) .............................................................................................. 9

Cal. Civ. Code § 2924(a)(1) ............................................................................................. 8

Cal. Civ. Code § 2924(d)(1) ........................................................................................... 17

Cal. Civ. Code § 2924b(b)(4) .......................................................................................... 8

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– vii –

Cal. Civ. Code § 338(g) ................................................................................................ 5

Cal. Civ. Proc. Code § 337(1) ...................................................................................... 5

Cal. Civ. Proc. Code § 338(d) ...................................................................................... 5

**RULES**

Fed. R. Civ. Proc. 9(b) ............................................................................................... 19

**OTHER AUTHORITIES**

1 B.E. Witkin, Summary of California Law, Contracts § 798 (10th ed. 2005) ................................ 15

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff David G. Velez ("Plaintiff") brings this meritless First Amended Complaint ("FAC"), which is nearly identical to his failed original Complaint, in another blatant attempt to stop lawful foreclosure proceedings after defaulting on his mortgage payments.  Plaintiff's entire FAC remains premised on two legally flawed theories, which have been summarily rejected in California.  First, Plaintiff contends that Defendants Bank of America, N.A., successor by merger to LaSalle Bank, N.A., as Trustee for Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2007-OA3 Trust (erroneously sued as "Bank of America, N.A. as successor in interest to LaSalle Bank, N.A. as trustee for Washington Mutual Mortgage Pass-Through Certificates, WAMU Series 2007-OA3 Trust"); and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") cannot initiate foreclosure because the loan has been securitized.  Second, Plaintiff brings conclusory allegations of "robo-signing." However, Plaintiff's boilerplate allegations are contrary to state and federal law, insufficiently pled, unsupported by specific facts, and contradicted by the judicially noticeable documents.  The FAC still fails to state a claim for at least the following reasons:

- Plaintiff's loan origination claims are time-barred;

- Plaintiff's first and second causes of action for breach of express and implied agreements fail because  they are based on conclusory allegations and the above mentioned legally flawed theories;

- Plaintiff's third cause of action for slander of title fails because Plaintiff has not pled any false publication and because the documents are privileged;

- Plaintiff's fourth cause of action for wrongful foreclosure fails because Defendants had the authority to foreclose and did so lawfully;

- Plaintiff's fifth cause of action for violation of California Civil Code Section 2923.5 fails because it is inadequately pled, and because such allegations fail to rebut the presumption of compliance;

///

///

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

- Plaintiff's sixth cause of action for violation of Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 *et seq.*, fails because BANA legally responded to the qualified written request and no actual damages were alleged;

- Plaintiff's seventh cause of action for violation of 18 U.S.C. § 1962 ("RICO") fails because it is inadequately pled;

- Plaintiff's eighth cause of action for violations of the Unfair Business Practices Act fails because Plaintiff lacks standing under Business and Professions Code § 17200 *et seq.* (the "UCL") and fails to allege wrongful conduct; and

- Plaintiff's ninth cause of action for violation of the Truth in Lending Act ("TILA"), 15 U.S.C § 1641 *et seq.*, fails because it is inadequately pled and Plaintiff fails to allege reliance.

Accordingly, Plaintiff's FAC still fails to state a single valid cause of action against Defendant.  In granting Defendants' Motions to Dismiss the original Complaint, the Court stated that Plaintiff was granted leave to amend because it was not yet persuaded that amendment would futile.  *See* Docket No. 63, p. 10. Due to the nearly identical Complaint and FAC, and Plaintiff's failure to cite any additional legal support or factual allegations for his failed theories, Defendants respectfully request that the Court grant the Motion to Dismiss without leave to amend, and dismiss this case with prejudice.

## II.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On or about November 8, 2006, Plaintiff David G. Velez obtained a $1,500,000.00 mortgage loan, secured by a Deed of Trust ("DOT") on property located at 2180 Wynfair Ridge Way, San Jose, California 95138 (the "Property").  *See* Request for Judicial Notice ("RJN"), Exh. A (Deed of Trust).[1]  The DOT identifies Plaza Home Mortgage, Inc. as the lender, Financial Title as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee for the lender.  *Id.*

On February 3, 2009, MERS recorded an Assignment of Deed of Trust, assigning the beneficial interest under the DOT to LaSalle Bank, N.A., as Trustee for Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2007-OA3 Trust ("LaSalle").  *See* RJN, Exh. C. (Assignment of Deed of

---

[1] Plaintiff also took out a second Deed of Trust on or about November 8, 2006, related to the Property, in the amount of $300,000.00.  *See* RJN, Exh. B.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 2 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Trust, "ADOT"). On February 3, 2009, LaSalle recorded a Substitution of Trustee, substituting California Reconveyance Company as the duly appointed trustee. *See* RJN, Exh. D ("SOT"). On February 3, 2009, California Reconveyance Company, as trustee, recorded a Notice of Default and Election To Sell Under Deed of Trust, stating that Plaintiff was in arrears in the amount of $20,281.28 as of January 31, 2009. *See* RJN, Exh. E ("NOD"). On February 28, 2012, California Reconveyance Company, as trustee, recorded a Notice of Trustee's Sale ("NOTS"). *See* RJN, Exh. J.[2] Plaintiff does not allege that the Property has been sold.

On June 20, 2013, Plaintiff filed his original Complaint. Plaintiff alleged that Defendants are third party strangers to the Loan, have no interest in the Property, and wrongfully initiated foreclosure proceedings. Plaintiff also alleged that the assignment of the deed of trust was invalid and the Loan was improperly securitized, and bases the remainder of his causes of action around these allegations. On July 30, 2013, Defendants filed their respective Motions to Dismiss Plaintiff's Complaint. On August 13, 2013, Plaintiff filed an Opposition to Defendants' Motions to Dismiss. On August 20, 2013, Defendants filed their respective Replies in support of the Motions to Dismiss. On October 1, 2013, the Court heard oral argument from counsel from Plaintiff and the respective Defendants, and took the matter under submission. On December 18, 2013, the Court issued a ruling, granting Defendants' Motions to Dismiss. On January 17, 2014, Plaintiff filed the instant FAC, bringing exactly the same nine causes of action based on nearly identical factual allegations.

## III. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). The purpose of a Rule 12(b)(6) motion

---

[2] Four prior NOTS' were recorded. On May 6, 2009, California Reconveyance Company, as trustee, recorded a Notice of Trustee's Sale. See RJN, Exh. F. On October 21, 2010, California Reconveyance Company, as trustee, recorded a Notice of Trustee's Sale. See RJN, Exh. G. On March 8, 2011, California Reconveyance Company, as trustee, recorded a Notice of Trustee's Sale. See RJN, Exh. H. On October 12, 2011, California Reconveyance Company, as trustee, recorded a Notice of Trustee's Sale. See RJN, Exh. I.

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Indeed, the Supreme Court recently confirmed the requirement that pleadings must contain more than labels and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be assumed true. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-52 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice. *Schwartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## IV.   LEGAL ARGUMENT

### A.   Plaintiff's Loan Origination Claims Are Time-Barred

As a threshold matter, all of Plaintiff's causes of action based on loan origination are time-barred. Plaintiff secured his Loan in November 2006 and did not file his original Complaint until June 2013, more than *seven years* after the fact. *See* FAC ¶ 15. Accordingly, Plaintiff's causes of action for violations of RESPA, TILA, and the UCL, and for fraud[3], slander of title, and breach of contract are therefore all barred by statutes of limitation and fail as a matter of law.

None of the identified causes of action has longer than a four year statute of limitations. Specifically, Plaintiff's RESPA claims are subject to a <u>one or three year</u> statute of limitations depending on the nature of the purported violation.[4] TILA damages claims are subject to a statute of limitations "within

---

[3] Plaintiff's cause of action for RICO is based on allegations of fraud.

[4] *See* 12 U.S.C. § 2614 ("Any action . . . may be brought . . . within 3 years in the case of a violation of section 2605 . . . and 1 year in the case of a violation of section 2607 or 2608. . . of this title from

1   one year from the date of the occurrence of the violation."[5]  Plaintiff's fraud claims are subject to a three-

2   year statute of limitations.  Code Civ. Proc. § 338(d).  Moreover, a plaintiff has a duty to exercise diligence

3   to discover the facts constituting fraud.  *Lee v. Escrow Consultants, Inc.*, 210 Cal. App. 3d 915, 921 (1989).

4   Plaintiff's claim for slander of title is subject to a three-year statute of limitations.  Civ. Code § 338(g).

5   Plaintiff's claim for breach of contract is subject to a four-year statute of limitations.  Code Civ. Proc. §

6   337(1).  An action for Breach of The Implied Covenant of Good Faith and Fair Dealing is subject to a four-

7   year limitations period if the actions sounds in contract, meaning Plaintiff seeks relief under the contract.

8   *Frazier v. Metropolitan Life Ins. Co.*, 169 Cal .App. 3d 90, 101 (1985).  And UCL claims are subject to a

9   four-year statute of limitations.  Bus. & Prof. Code § 17208.[6]

10          Here, Plaintiff does not plead any facts suggesting that he was unaware of the terms of his Loan.

11  The Deed of Trust was recorded on November 15, 2006, and all claims relating to the loan origination

12  began accruing on that day.  RJN, Exh. A.  Plaintiff fails to make any specific argument for equitable

13  tolling of the relevant statutes of limitation, does not allege *facts* to prove fraudulent conduct or warrant

14  tolling, and does not state any other explanation for why he waited more than *seven years* before bringing

15  suit.  Thus, Plaintiff's loan origination claims are time-barred and fail as a matter of law.

16  **B.     Defendants Were Authorized To Foreclose And Did So Lawfully**

17          Plaintiff's FAC remains premised on the theory that Defendants did not have interest in Plaintiff's

18  Loan and did not have the authority to foreclose, citing erroneous theories including the securitization of

---

19  the date of the occurrence of the violation . . . .").  The limitations period typically runs from the date

20  of closing.  *See Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1195 (E.D. Cal. 2010)
    ("[C]ourts have considered the 'occurrence of the violation' as the date the loan closed").

21  [5] 15 U.S.C. § 1640(e); *Meyer v. Ameriquest Mort. Co.*, 342 F.3d 899, 902 (9th Cir. 2003); *Monaco
    v. Bear Stearns Residential Mortg. Corp.*, 554 F. Supp. 2d 1034, 1039 (C.D. Cal. 2008) (dismissing

22  time-barred TILA claim for damages).  The statute of limitations is triggered when the borrower
    enters into the loan agreement with the creditor.  *See, e.g., King v. California*, 784 F.2d 910, 915 (9th

23  Cir. 1986).  Plaintiff also claims he is entitled to rescission.  *See* FAC ¶ 146.  However, a TILA
    rescission claim is subject to a three-year statute of limitations.  *See* 15 U.S.C. § 1635(f) ("[a]n

24  obligor's right of rescission shall expire three years after the date of consummation of the transaction
    . . . .").  The "date of consummation" of the transaction is the date on which the loan is signed.  *See,*

25  *e.g., King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (holding TILA claim for rescission barred
    by three-year statute of limitations where loan was dated more than three years before plaintiff filed

26  complaint).  Section 1635(f) represents an **"absolute limitation on rescission actions"** which bars
    any claims filed more than three years after the consummation of the transaction.  *King*, 784 F. 2d at

27  913 (emph. added); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164-65 (9th Cir. 2002).
    [6] The statute of limitations on a UCL cause of action begins to run when the claim "accrues."  *Id.*  A

28  claim accrues "upon the occurrence of the last element essential to the cause of action."  *Howard
    Jarvis Taxpayers Ass'n v. City of La Habra*, 25 Cal. 4th 809, 815 (2001).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 5 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

the loan and "robo-signing" theories.  *See generally* FAC.  Specifically, Plaintiff's fourth cause of action for wrongful foreclosure alleges that Defendants lacked the power to transfer the beneficial interest, securitization was improper such that Defendants lacked the power of sale, and the initiation of foreclosure was oppressive and wrongful.  *See* FAC ¶¶ 67-81.  Plaintiff's fifth cause of action for violation of Section 2923.5 alleges that Defendants failed to contact, and failed to use due diligence in attempting to contact, Plaintiff prior to recording the Notice of Default.  *Id.* ¶¶ 83-85.  However, Plaintiff's claims fail because: (1) Plaintiff fails to allege tender; (2) Plaintiff lacks standing to challenge the foreclosure proceedings; (3) the judicially noticeable foreclosure documents establish that foreclosure was conducted properly; (4) Plaintiff has not alleged a violation of Section 2923.5; (5) securitization did not affect Defendants' interest in the Loan; (6) Plaintiff's "robo-signing" claims fail; and (7) Plaintiff does not allege that he was prejudiced by a procedural defect.  Thus, Plaintiff's causes of action still fail as a matter of law.

### 1.   Plaintiff Fails To Allege Tender

Plaintiff's claim fails as a matter of law because Plaintiff does not allege a tender.[7]  "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure."  *Alicea v. GE Money Bank*, 2009 WL 2136969, at *3 (N.D. Cal. 2009) (citing California law). This requirement applies to "any cause of action for irregularity in the sale procedure."  *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996).  The tender requirement also applies to any claim "implicitly integrated" with the foreclosure sale.  *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 579 (1984).  "To hold otherwise would permit plaintiffs to state a cause of action without the necessary element of damage to themselves."  *Id.* at 580.

Although BANA recognizes there are exceptions to the tender requirement, they are limited.[8] Here, Plaintiff does not, and cannot, allege any of these exceptions apply.  Plaintiff alleges that he is excused from compliance with the tender rule because he is "challenging that Defendants lacked the legal

---

[7] Per *Mabry v. Super Ct.*, 185 Cal. App. 4th 208 (2010), Defendants concede that tender is not required under Section 2923.5.  However, Plaintiff's Section 2923.5 claim fails for independent reasons.  *See infra* Section IV.B.4.

[8] *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112-13 (2011)  (exceptions to tender requirement are (1) where borrower attacks validity of underlying debt; (2) where alleged counter-claim or set-off is equal to or greater than indebtedness; (3) where imposing the tender requirement would be inequitable; and (4) where trustee's deed is void on its face).  *See also* FAC ¶ 67.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

power to foreclose and that a false Trustee conducted the trustee's sale and requiring tender under these circumstances would be inequitable and because the Trustee's Deed is void." FAC ¶ 76. However, as discussed below, Plaintiff lacks standing to challenge whether Defendants had the power to foreclose. *See infra* Section IV.B.2. Furthermore, the recorded documents clearly indicate a valid chain of title. *See infra* Section IV.B.3. Moreover, Plaintiff's claims that requiring tender would be inequitable and that the Trustee's Deed is void are vague, conclusory, and devoid of factual support. Finally, Plaintiff does not allege the Property has been sold. Thus, tender is still required, and Plaintiff's claims fail because has not alleged a credible tender.

### 2. Plaintiff Lacks Standing To Challenge The Foreclosure Proceedings

Plaintiff's claim also fails because a borrower cannot bring a speculative request to determine if foreclosure was proper. *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011) (California's non-judicial foreclosure scheme, Civil Code sections 2924-2924k, does not "provide for a judicial action to determine whether the person initiating the foreclosure is indeed authorized" to do so); *see also Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 (2011) ("We agree with the *Gomes* court that the statutory scheme (§§ 2924–2924k) does not provide for a preemptive suit challenging standing. Consequently, plaintiffs' claims for damages for wrongful initiation of foreclosure and for declaratory relief based on plaintiffs' interpretation of section 2924, subdivision (a), do not state a cause of action as a matter of law."). In *Gomes*, a defaulting borrower sought declaratory relief from the court as to whether MERS, the nominee beneficiary under his deed of trust, was entitled to foreclose. *Id.* at 1151-52. The court held that California's exhaustive nonjudicial foreclosure scheme, Civil Code Sections 2924-2924i, does not "provide for a judicial action to determine whether the person initiating the foreclosure is indeed authorized" to do so. *Id.* at 1155. In addition, the court held that the borrower expressly gave the defendants the authority to foreclose in the deed of trust, and thus was prohibited from challenging foreclosure on that basis as well. *Id.* at 1157-58; *see also Siliga v. Mortgage Electronic Registration Systems, Inc.*, 219 Cal.App.4th 75, 82 (2013) ("California courts have refused to allow trustors to delay the nonjudicial foreclosure process by pursuing preemptive judicial actions challenging the authority of a foreclosing 'beneficiary' or beneficiary's 'agent'."); *Jenkins*, 216 Cal.App.4th at 511 (same). Here, Plaintiff's Deed of Trust contains a similar provision and he generally seeks, through judicial action, a

1   determination whether Defendants had authority to initiate foreclosure.  *See* RJN, Exh. A, p. 3.  Although

2   Plaintiff attempts to claim that he has alleged a specific factual basis, such that he is allowed to maintain his

3   challenge [*see* FAC ¶¶ 30, 70], Plaintiff's claims are improper and fail as a matter of law.

4         **3.**      **The Judicially Noticeable Documents Establish Defendants Have Authority To**

5         **Foreclose**

6         Plaintiff's claim also fails because California's non-judicial foreclosure framework, Civil Code

7   sections 2924-2924i, which is exhaustive, shows that Defendants have the authority to foreclose.  *See*

8   *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994) ("The comprehensive statutory framework established to

9   govern nonjudicial foreclosure sales is intended to be exhaustive.").  Under these statutes, if a deed of trust

10  contains an express provision granting a power of sale, a "*trustee, mortgagee or beneficiary or any of their*

11  *authorized agents*" may institute the foreclosure process.  Civ. Code § 2924(a)(1) (emph. added).

12  California law further provides that a "person authorized to record the notice of default or the notice of

13  sale" includes "an *agent for the mortgagee or beneficiary*, an agent of the named trustee, any person

14  designated in an executed substitution of trustee, or an agent of that substituted trustee."  Civ. Code §

15  2924b(b)(4) (emph. added).

16        Here, the chain of publicly recorded documents demonstrates that foreclosure was proper and that

17  BANA has a valid interest in the Loan.  On February 3, 2009, MERS recorded an ADOT, assigning the

18  beneficial interest under the DOT to LaSalle.  *See* RJN, Exh. C.  On February 3, 2009, LaSalle recorded a

19  Substitution of Trustee, substituting California Reconveyance Company as the duly appointed trustee.  *See*

20  RJN, Exh. D.  On February 3, 2009, California Reconveyance Company, as trustee, recorded a Notice of

21  Default and Election To Sell Under Deed of Trust, stating that Plaintiff was in arrears in the amount of

22  $20,281.28 as of January 31, 2009.  *See* RJN, Exh. E.  On February 28, 2012, California Reconveyance

23  Company, as trustee, recorded a NOTS.  *See* RJN, Exh. J.[9]  Accordingly, the chain of title confirms that

24  foreclosure was proper.

25

26  [9] Four prior NOTS' were recorded.  On May 6, 2009, California Reconveyance Company, as trustee,
    recorded a Notice of Trustee's Sale.  *See* RJN, Exh. F.  On October 21, 2010, California
27  Reconveyance Company, as trustee, recorded a Notice of Trustee's Sale.  *See* RJN, Exh. G.  On
    March 8, 2011, California Reconveyance Company, as trustee, recorded a Notice of Trustee's Sale.
28  *See* RJN, Exh. H.  On October 12, 2011, California Reconveyance Company, as trustee, recorded a
    Notice of Trustee's Sale.  *See* RJN, Exh. I.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 8 –

## 4.   Plaintiff Has Not Alleged A Violation Of Section 2923.5

Plaintiff's Section 2923.5 causes of action are identical in both Plaintiff's original Complaint and his FAC.  As such, Plaintiff's allegations are still inadequate to state any valid claim.  Plaintiff's fifth cause of action alleges that Defendants did not contact or exercise due diligence in attempting to contact him to discuss alternatives to foreclosure, as required by Section 2923.5.  *See* FAC ¶ 83.  Plaintiff also alleges that the declaration was false because it was signed by a "robo-signer"[10] and because the invalid assignment did not transfer rights.  *Id.* ¶ 84.  However, Plaintiff's cause of action is still inadequately pled.  Additionally, such allegations fail to rebut the presumption of compliance with Section 2923.5 raised by the Declaration attached to the NOD.  *See* RJN. Exh. E.

Section 2923.5 which is phrased in the disjunctive, requires lenders to contact (under subdivision (a)(2)), or attempt with due diligence to contact (under subdivision (g)), a borrower regarding potential alternatives to foreclosure before filing a notice of default.  Civ. Code § 2923.5.  *Actual contact* with the borrower is not required.  *See* Civ. Code § 2923.5(g) (emphasis added).  Section 2923.5 further requires a declaration stating that contact had been made, or a good-faith attempt had been made where contact was not successful.[11]  It does not require anything more.[12]

Here, although Plaintiff alleges that he never received contact from Defendants in person or by telephone, this is insufficient to state a claim under the statute.  *See* FAC ¶ 83.  Plaintiff's cause of action still fails to allege that Defendants did not attempt to contact him via telephone at the telephone number provided, or if his phone number was still in use at the time, and if not, whether he ever provided Defendants with an updated number.  Moreover, Plaintiff fails to allege whether he received a certified letter, if Defendants ever provided him any toll-free number to contact Defendants, and if he even

---

[10] Plaintiff's "robo-signing" claims fail as a matter of law.  *See infra* Section IV.B.6.

[11] Further, due diligence is satisfied where the lender or its agent: (1) sends a "first-class letter that includes the toll-free telephone number made available by HUD"; (2) thereafter "attempt to contact the borrower by telephone at least three times at different hours and on different day . . . to the primary telephone number on file; (3) send a "certified letter, with return receipt requested" if "borrower does not respond within two weeks" after the above calls; (4) provide a "means" for the borrower to contact it on a "toll-free number" that will reach a "live representative during business hours"; and (5) post "a prominent link on the homepage of its Internet Web site, if any" containing information on how to possible avoid foreclosure.  *See* Cal. Civ. Code § 2923.5(g).

[12] Civil Code § 2923.5(b) states, "A notice of default filed pursuant to Section 2924 shall include a declaration from the mortgagee, beneficiary, or authorized agent that it has contacted the borrower, tried with due diligence to contact the borrower as required by this section, or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent."

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 9 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   attempted to go on BANA's website to seek out the link to obtain information about avoiding foreclosure.

2   Notably, the NOD provides a toll-free number for Plaintiff to contact Defendants.  RJN, Exh. E.  Plaintiff

3   neglects to allege if he ever called this number.  Section 2923.5 provides for very specific requirements.

4   Without specific allegations of what Defendants allegedly failed to do, the Complaint is insufficiently pled.

5           Here, Plaintiff's claim fails because the recorded NOD includes a declaration, attesting that contact

6   was made to assess the borrowers' financial situation and explore options to avoid foreclosure.  *See* RJN,

7   Exh. E.  The California Court of Appeal has also confirmed declarations that track Section 2923.5(b) – as

8   does the declaration here – comply with the statute's requirements.  *Mabry v. Superior Court of Orange*

9   *County*, 185 Cal. App. 4th 208, 214 (2010).[13]  Plaintiff makes a conclusory statement that "Plaintiff was

10  never contacted."  FAC ¶ 83.  This is insufficient.  Indeed, as the Court previously identified, Plaintiff

11  claims that there was no statement indicating an attempt to contact him, yet acknowledges a declaration and

12  the individual who signed it in the next paragraph.  *See* Court Docket No. 63, p. 7 fn.32.  Because Plaintiff

13  does not allege specific facts showing that Defendants did not contact him, the Declaration is dispositive of

14  Plaintiff's claim.  There is no statute or case law that requires more than the attached declaration.  *See*

15  *Mabry*, 185 Cal. 4th at 204-05 ("There is no indication that the Legislature wanted to saddle lenders

16  with the need to 'custom draft' the statement required by the statute in notices of default.").  Finally,

17  Plaintiff's claim fails because he has not alleged prejudice.  *See* Section IV.B.7, *supra*.  Thus, Plaintiff's

18  Section 2923.5 claim fails.[14]

19      **5.    Securitization Did Not Affect Defendants' Interests**

20          Plaintiff's foremost allegation, which permeates through the entire FAC and almost every cause of

---

21  13 Plaintiffs also fail to allege how the declaration is deficient.  *Chan Tang v. Bank of America, N.A.*,
22  2012 WL 960373, *11 (C.D. Cal., 2012) (rejecting plaintiffs' allegation that the declaration attached
    to the notice of default did not comply with Section 2923.5 because plaintiffs "fail to state *how* the
    California Declaration was deficient") (emph. in orig.).
23  14 Finally, Plaintiff's claim also fails for vagueness.  A plaintiff must identify which defendant
24  allegedly violated Section 2923.5, or the claim fails for vagueness.  *See, e.g.*, *Somsanith v. Bank of
    Am., N.A.*, No. 09-1792, 2009 WL 3756693, at *6 (E.D. Cal. Nov. 6, 2009) (finding Section 2923.5
25  cause of action failed where it was alleged against multiple "defendants" because that vague
    allegation gave the defendants "insufficient notice of whether it has committed any conduct to
26  violate section 2923.5, and [defendants] should not be forced to guess whether they are individually
    liable for this conduct.").  Here, Plaintiff fails to distinguish between the Defendants.  *See* FAC ¶¶
27  83-85.  For example, he alleges that "Defendants" violated California Civil Code Section 2923.5 by
    failing to contact Plaintiff, but does not identify which Defendant did so.  *Id.* ¶ 83.  Because Plaintiff
28  does not clearly identify which Defendants purportedly violated Section 2923.5, this claim fails for
    vagueness.

– 10 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   action, is that the securitization of the Loan was improper and eliminated Defendants' interests.  *See* FAC

2   ¶¶ 16-42, 45-53, 56-62, 58-81, 91-99, 105-134, 138, 144-145.  Courts have resoundingly rejected

3   allegations that securitization changes the rights or obligations of parties to a loan.  *See Jenkins v. JP*

4   *Mortgage Chase Bank*, *N.A.*, 216 Cal.App.4th 497, 515 (2013) (holding that "***even if*** any subsequent

5   transfers of the promissory note ***were invalid***, [plaintiff] is not the victim of such invalid transfers because

6   ***her obligations under the note remained unchanged***.") *Lane v. Vitek Real Estate Indus. Grp.*, 713 F.

7   Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("[T]he argument that parties lose their interest in a loan when it is

8   assigned to a trust pool has . . . been rejected by many district courts.").  "[S]ecuritization merely creates 'a

9   separate contract, distinct from [p]laintiffs['] debt obligations" under the note, and does not change the

10  relationship of the parties in any way.  *Reyes v. GMAC Mortg. LLC*, No. 11–0100, 2011 WL 1322775, at

11  *3 (D. Nev. Apr. 5, 2011).[15]  Relating to the right to foreclose, the alleged "securitization of the loan does

12  not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust."  *Logvinov v. Wells*

13  *Fargo Bank*, 2011 WL 6140995, at *3 (N.D. Cal. 2011); *see also Nguyen v. Bank of Am. Nat'l Ass'n*, No.

14  11–3318, 2011 WL 5574917, at *9 (N.D. Cal. Nov. 15, 2011) (securitization of mortgage loan does not

15  provide mortgagor with cause of action); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039,

16  1043 (N.D. Cal. 2009) (assignment of promissory note to a trust pool does not deprive the beneficiary or its

17  appointed trustee of a power of sale under the deed of trust); *Janolkar v. Bank of America, N.A.*, 2012 WL

18  6115629, *4 (N.D.Cal., 2012).

19          Indeed, numerous courts have held that a non-party to a PSA lacks standing to bring claims

20  alleging violation of the PSA.  *See Bernardi v. Deutsche Bank Nat'l Trust Co. Am.,* 2013 WL 163285, *3-4

21  (N.D.Cal. 2013) (plaintiffs' "failed securitization" theory based on alleged non-compliance with Pooling

22  and Servicing Agreements "has been rejected by many courts"); *Gilbert v. Chase Home Finance, LLC*,

23  2013 U.S. Dist. LEXIS 74772, *9-*10 (E.D. Cal. May 28, 2013) ("A majority of district courts have held

---

24

25  [15] The court in *Arabia v. BAC Home Loans Servicing, L.P.*, 208 Cal.App.4th 462, 473 (2012),
    explained in a commonsense manner why a debtor's allegations concerning a lender's breach of a
26  PSA simply do not matter: There, "Arabia obtained a mortgage loan secured by a deed of trust
    recorded against the property. If Arabia failed to make his payments, he faced the possibility of
27  foreclosure. This is what happened here. There is no dispute that Arabia has failed to make his
    payments on the First Loan and is subject to foreclosure. Whether BAC has breached an agreement
28  with BONY does not alter these undisputed facts or the consequence arising out of Arabia's failure
    to repay the First Loan."

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   that plaintiffs [] who are not parties to a PSA do not have standing to raise violations of a PSA or to

2   otherwise bring claims on the basis that a PSA was violated."); *McGough v. Wells Fargo Bank, N.A.*, 2012

3   U.S. Dist. LEXIS 84327, *14 (N.D. Cal. June 18, 2013) (adhering to majority rule that a plaintiff who is

4   not an investor in the PSA lacks standing to challenge violations of the PSA's terms); *Bascos v. Fed. Home*

5   *Loan Mortg. Corp.*, 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011)  ("To the extent Plaintiff challenges

6   the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization

7   agreement, Plaintiff has no standing to challenge the validity of the loan as he is not an

8   investor [in] the loan trust."); *Newman v. Bank of New York Mellon*, 2013 WL 5603316, *3 (E.D. Cal. Oct.

9   11, 2013) ("the alleged violation of the PSA is not a proper basis *for this or any cause of action* in the

10  Complaint.") (emphasis in original).  Courts have also summarily rejected the notion that a mortgage

11  assignment made after the closing date of the PSA is a viable claim.  *McLaughlin v. Wells Fargo Bank,*

12  *N.A.*, 2013 WL 1164432, at *6 (C.D.Cal., 2013) ("This Court agrees with the greater weight of authority,

13  and concludes that the allegation that a mortgage assignment was made after the closing date of a PSA is

14  not sufficient to state a plausible claim of fraud."); *Sabherwal v. Bank of New York Mellon*,  2013 WL

15  101407, at *7 (S.D.Cal., 2013) (same).

16          Despite the Court previously acknowledging his securitization theories as "patently incorrect" [*see*

17  Court Docket No. 63, p. 6], Plaintiff attempts to support his failed allegations by citing *Horace v. LaSalle*

18  *Bank, N.A.*, a 2009 Alabama case that is nonbinding, unpersuasive, and irrelevant.  Moreover, Plaintiff fails

19  to explain how this case, or any of his meritless securitization allegations, supports any valid cause of action

20  in California.  Accordingly, Plaintiff still cannot rely upon securitization as a basis for any cause of action.

21          **6.          Plaintiff's "Robo-Signing" Claims Fail As A Matter Of Law**

22          To the extent Plaintiff alleges the invalidity of any documents in the chain of title based on robo-

23  signing or fabrication allegations, or bases any cause of action on these allegations, these claims fail.  *See*

24  *e.g.,* FAC ¶¶ 36, 55-56, 60, 84, 138.  California Courts routinely dismiss claims based on robo-signing

25  allegations because irregularities in the signing or assignment of the security interests do not prejudice

26  borrowers.  *See, e.g., Pedersen v. Greenpoint Mortg. Funding, Inc.,* 900 F.Supp.2d 1071, 1083 (E.D. Cal.

27  2012) (robo-signing "does not appear to undercut the validity of the assignment.").  This is because in the

28  case of default, "[t]he foreclosure would occur regardless of what entity was named as trustee, and so [the

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   borrower] suffered no injury" as a result of the robo-signing.  *Javaheri v. JPMorgan Chase Bank*, 2012 WL

2   3426278, at *6 (C.D. Cal. 2012); *Gilmore v. Am. Mortg. Network*, 2012 WL 6193843, at *8-10 (C.D. Cal.

3   2012) (same).  Plaintiff also does not identify any legal authority prohibiting one individual from working

4   for or acting as an agent for multiple companies. *See Chua v. IB Prop. Holdings, LLC*, No. CV 11-05894

5   DDP (SPx), 2011 WL 3322884, at *2 (C.D. Cal. Aug. 1, 2011) ("[T]o the extent that Plaintiffs take issue

6   with Lisa Markham's dual position, Plaintiffs have not identified a relevant legal authority prohibiting one

7   individual from working for both CitiMortgage and MERS or from acting as an agent for both.").  A Court

8   need not accept bare conclusions regarding the purported fabrication of documents.  Similarly, Plaintiff

9   "[does] not allege that any third party has ever come forward attempting to enforce the debt, making

10  plaintiffs' claim yet more implausible." *Bernardi v. JPMorgan Chase Bank, N.A.*, 2012 WL 33894, at *2

11  (N.D. Cal. Jan. 6, 2012).  Thus, Plaintiff has not set forth a plausible claim that the documents in the chain

12  of title were fabricated, and cannot rely on conclusory claims of "robo-signing" to support any cause of

13  action.[16]

14  **7.     Plaintiff Does Not Allege He Was Prejudiced By A Procedural Defect**

15          Finally, Plaintiff's challenge to the foreclosure proceedings fails because he does not, and cannot,

16  allege that he was prejudiced by any procedural defect.  A procedural defect alone is not enough to warrant

17  setting aside a foreclosure if "[t]here was no prejudicial procedural irregularity." *See Knapp v. Doherty*, 123

18  Cal. App. 4th 76, 94 (2004) (emphasis in original); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp.

19  2d 1177, 1186-87 (N.D. Cal. 2009) ("Courts have rejected claims of deficient notice where no prejudice

20  was suffered as the result of a procedural irregularity.  Since [p]laintiff does not allege that he suffered

21  prejudice as a result of the deficiency of notice, [p]laintiff fails to state a claim.").

22          Here, Plaintiff was in default under the Loan.  As explained *supra*, Plaintiff does not allege he had

23

24  [16] The California Court of Appeal recently addressed robo-signing in the context of UCL claims.
    *See Jenkins v. JP Morgan Chase Bank*, 216 Cal.App.4th 497, 514-15 (2013).  There, the borrower

25  alleged UCL violations on a number of fronts, including robo-signing of the transfers of her security
    interest.  *Id.* at 519.  The Court of Appeal affirmed dismissal because the borrower could not allege

26  that any of those violations caused her foreclosure and thus the borrower lacked standing under the
    UCL.  *Id.* at 521-23.  As the Court of Appeal put it: "Jenkins's home was subject to nonjudicial

27  foreclosure because of Jenkins's default on her loan, which occurred *before* Defendants' alleged
    wrongful acts, [and thus] Jenkins cannot assert the impending foreclosure of her home (i.e., her

28  alleged economic injury) was caused by Defendants' wrongful actions."  *Id.* at 523 (emphasis
    added).

– 13 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

the ability to credibly cure his default.  Regardless of whether all procedural requirements were followed in

foreclosing on the Property – which they were here – Plaintiff could not have repaid his debt.  Plaintiff

alleges he was prejudiced by the wrongful foreclosure because "he lost equity in the subject property, he

lost the ability to sell it for fair market value, and he was forced to engage the assistance of counsel to

defend this wrongful foreclosure."  FAC ¶ 77.  However, any loss of equity, or loss in fair market value,

were the sole result of Plaintiff's default.  In addition, Plaintiff brings no factual support for the assertions of

lost equity or loss in fair market value, Plaintiff fails to allege any attempt to sell the property, and his

decision to engage counsel was a voluntary action necessitated by his default.  Therefore, Plaintiff cannot

demonstrate he suffered prejudice as a result of any alleged procedural defect and his causes of action fail.

**C.     Plaintiff Cannot Maintain A Cause Of Action For Breach Of Express Or Breach Of Implied Agreements**

Plaintiff's first and second causes of action – once again styled as "breach of express agreement"

and "breach of implied agreements," respectively – are based on conclusory allegations that Defendants

breached the DOT by invoking its power of sale provision without standing or authority to do so and by

using "robo-signers" to execute the various assignments and/or substitutions under Plaintiff's Deed of Trust

[*see* FAC ¶¶ 36, 46]; and that Defendants breached the terms of the alleged Pooling and Servicing

Agreement ("PSA") for the securitized trust into which his loan was allegedly sold by failing to record an

assignment of the loan to the securitized trust.  *Id*. ¶¶ 40, 49.  Plaintiff's first two causes of action are nearly

identical to those in his original Complaint, save for another citation to the nonbinding, unpersuasive

Alabama case in the attempt to support his failed securitization challenge.  *Id.* ¶ 41.  Plaintiff's claims still

fail for several reasons.

**1.     Plaintiff's Breach of Contract Claim Fails**

First, Plaintiff's claim fails because he does not – and cannot – allege his own performance under

the DOT.  To state a breach of contract claim, Plaintiff must assert: (1) the existence of a contract; (2)

plaintiff's performance or excuse for nonperformance; (3) breach; and (4) that the breach caused plaintiff's

harm.  *Wall St. Network, Ltd. v. New York Times Co*., 164 Cal. App. 4th 1171, 1178 (2008).  Further, "one

party to a contract cannot compel another to perform while he himself is in default."  *Durrell v. Sharp*

*Healthcare*, 183 Cal .App. 4th 1350, 1367 (2010).  Here, Plaintiff does not dispute that he has been in

– 14 –

default of his loan for four years, and as such his claim fails for lack of factual allegations of his own

performance.  *See Permito v. Wells Fargo Bank, N.A.*, 2012 WL 1380322, 6 (N.D.Cal. 2012).  Thus,

Plaintiff's claim fails.

Second, as numerous courts have held, Plaintiff's "allegation" that Defendants breached the terms

of a PSA governing the securitized trust into which his loan was allegedly transferred fails as a matter of

law.  *See Deerinck v. Heritage Plaza Mortg. Inc.*, 2012 WL 1085520, 5 (E.D. Cal., 2012) (holding that

borrowers do not have standing to challenge breach of securitization agreements) (citing *Armeni v.*

*America's Wholesale Lender*, 2012 WL 253967 at *2 (C.D. Cal. Jan. 25, 2012); *Ogilvie v. Select Portfolio*

*Servicing*, 2012 WL 4891583, 4 (N.D.Cal., 2012) ("To the extent that any of Plaintiff's claims are based on

the theory that Defendants allegedly failed to comply with the terms of the PSA, the court finds that he

lacks standing to do so because he is neither a party to, nor a third party beneficiary of, that agreement").

Plaintiffs simply cannot premise a breach of contract claim upon a contract to which they are not a party or

an intended beneficiary.

Third, to the extent Plaintiff contends that Defendants breached the terms of the DOT by initiating

foreclosure despite the loan's alleged securitization, this allegation is insufficient to state a claim.  *See*

Section IV.B.5, *supra* (citing *Reyes*, 2011 WL 1322775, at *3).  The DOT provides that the Note or a

partial interest in the Note "can be sold one or more times *without prior notice*" to Plaintiff.  *See* RJN, Exh.

A, p.11, Uniform Covenant 20 (emph. added).  It is thus entirely unclear how Plaintiff can claim

Defendants breached the DOT based on his securitization-related allegations.

## 2.    Plaintiff's Claim For "Breach of Implied Agreements" Fails

Plaintiff's "breach of implied agreements" claim fares no better.  In fact, the claim appears to be a

restatement of his claim that Defendants breached the terms of a PSA and/or the DOT, which fail as a

matter of law.  *See supra* Section IV.B.5; IV.C.1.  Even if Plaintiff's claim for "breach of implied

agreements" is meant to be read as a claim for breach of the implied covenant of good faith and fair

dealing, this claim also fails.  The covenant of good faith and fair dealing ensures that neither party will do

anything to deprive the other party of the benefits of the contract.  1 B.E. Witkin, Summary of California

Law, Contracts § 798 (10th ed. 2005).  The implied covenant is limited to "assuring compliance with the

express terms of the contract."  *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1093-94

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 15 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

(2004). It does not impose additional obligations on the parties. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349-50 (2000). In addition to those reasons already discussed, Plaintiff's claim fails because he does not allege the breach of any any express contractual term(s). Plaintiff cannot impose additional obligations under the guise of a "breach of implied agreements" claim.[17] Thus, Plaintiff's claim fails.

**D.     Plaintiff's Third Cause Of Action For Slander Of Title Fails To State A Claim**

As an initial matter, the third cause of action for slander of title is identical in both Plaintiff's original Complaint and the instant FAC, and for this reason alone Plaintiff's cause of action still fails. Plaintiff still alleges that "Defendants recording of the NOD breached Plaintiff's Deed of Trust . . . and is therefore false." FAC ¶ 55. Plaintiff further alleges that the NOD violated Section 2923.5 and the ADOT, SOT, and NOTS were all similarly false. *See* FAC ¶¶ 56-63. However, in addition to being time-barred, Plaintiff's claim fails because the documents referenced in Plaintiff's FAC are privileged. To plead a claim for slander of title, a plaintiff must allege: (1) a publication, (2) which is without privilege or justification and thus with malice, express or implied, (3) is false, either knowingly so or made without regard to its truthfulness, and (4) causes direct and immediate pecuniary loss. *Howard v. Schaniel*, 113 Cal. App. 3d 256, 263-64 (1980). Moreover, Plaintiffs must allege facts indicating that the publication was false and caused direct and immediate pecuniary loss. *See Jackson v. Ocwen Loan Servicing, LLC*, 2010 WL 329497, at *4 (E.D. Cal. 2010). Here, while Plaintiff alleges publication with regard to the NOD and the other publicly recorded documents, he does not – and cannot – allege that any of the publications was false, either knowingly so, or made without regard to their truthfulness.

Further, Plaintiff's claim fails because Civil Code Section 2924(d)(1) makes clear that the recording of notices of default and trustee sale are privileged acts, upon which no tort claim of any sort, other than malicious prosecution, may be based. *See* Civ. Code § 2924(d)(1) ("[t]he mailing, publication,

---

17 Additionally, Plaintiff cannot assert a tortious breach of the implied covenant of good faith and fair dealing claim because the parties are not in a fiduciary relationship. "Generally, no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'" *Valenzuela v. Am. Home Mortg. Inv. Trust 2005-2*, No. CV-F-08-1179 OWW/SMS, 2009 U.S. Dist. LEXIS 31111, at *65 (E.D. Cal. 2009). The implied covenant tort is not available to parties in an ordinary commercial relationship, where the parties only deal at arms' length. *Id.* at 77-78 ("A claim for tortious breach of contract does not lie under California law in the absence of a special relationship with fiduciary characteristics. California case law is clear that a commercial loan transaction does not create such a special relationship."). Here, Plaintiff does not allege any fiduciary relationship or circumstance other than an ordinary commercial relationship between the parties. Thus, this claim must fail.

and delivery of notices as required by this section … constitute privileged communications pursuant to

Section 47.").  Notices of sale and default are required by section 2924(a)(1) and (3), making those notices

privileged under Civil Code Section 47.   Further, despite conclusory allegations to the contrary, Plaintiff

fails to allege any facts showing that the documents are actually false, that Defendants knew the documents

were false, or that Defendants acted with malicious intent.  Rather, as discussed extensively in Section

IV.B.3, there is a valid chain of title.  Thus, Plaintiff cannot maintain a cause of action for slander of title.

**E.      Plaintiff's Sixth Cause Of Action Fails To State A Violation Of RESPA**

Plaintiff's FAC includes another RESPA cause of action that is identical to his previously failed

RESPA claims in the original Complaint, and his cause of action still fails as a matter of law.  Plaintiff's

sixth cause of action for violation of RESPA still alleges that, after sending a qualified written request

("QWR") for "information pertaining to Plaintiff's Note transaction and related indebtedness", Defendants

did not comply by failing to properly respond.  *See* FAC ¶¶ 87, 89-90.  As a threshold matter, Plaintiff's

RESPA claim is time-barred .  *See supra* Section IV.A.  In addition, Plaintiff's RESPA claim fails because

his pleadings his alleged QWR was inadequate, admit that Defendants responded to his QWR, and show

that he fails to allege any actual damages.

A QWR must include "a statement of the reasons for the belief of the borrower . . . that the account

is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."

*See* 12 U.S.C. § 2605(e)(1)(B).  Moreover, Section 2605 of RESPA specifically applies to requests for

information relating to loan *servicing*, not loan origination.  *See* 12 U.S.C. § 2605(e)(1)(A).  The term

"servicing" refers to "receiving any scheduled periodic payments from a borrower pursuant to the terms of

any loan." 12 U.S.C. § 2605(i)(3).  Here, Plaintiff fails to allege that his purported request was valid in the

first place — namely, that it included "a statement of reasons for the belief . . . that the account is in error"

or that it provided sufficient detail to Defendants "regarding other information sought by the borrower."  12

U.S.C. §  2605(e)(1)(B).  Plaintiff's reference to his "Note transaction" intimate that he was inquiring about

loan origination, rather than loan servicing.  FAC ¶ 87.  In addition, his conclusory allegations regarding the

nature of his requests are fatal to his claim.  And, in any event, Section 2605 *does not obligate* the servicer

to provide documentation or verify all the information in Plaintiff's purported request, regardless of

whether the request actually complies with the statute.  *See* 12 U.S.C. § 2605(e)(2)(B).  Moreover, the FAC

– 17 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   expressly alleges that he received a response to his alleged QWR.  *See* FAC ¶ 90.  Accordingly, Plaintiff's

2   own allegations confirm that Defendants complied with the statute, even if Plaintiff did not receive

3   everything requested.[18]

4           Finally, even if Plaintiff could allege BANA violated RESPA — which he cannot — his claim still

5   fails because he does not allege resulting damages.  Section 2605 provides:  "Whoever fails to comply with

6   this section shall be liable to the borrower . . . [for] any actual damages to the borrower as a result of the

7   failure . . . ."  12 U.S.C. § 2605(f)(1)(A).  "However, alleging a breach of RESPA duties alone does not

8   state a claim under RESPA.  Plaintiffs must, at a minimum, also allege that the breach resulted in actual

9   damages."  *Swanson v. EMC Mortg. Corp.*, 2009 WL 3627925, at *7 (E.D. Cal. Oct. 29, 2009).  Courts

10  routinely dismiss claims for alleged violations of RESPA at the pleading stage where the plaintiff fails to

11  allege facts sufficient to demonstrate that the breach resulted in actual damages.  *See e.g., Bhandari v.*

12  *Capital One, N.A.*, Case No. 5:12-cv-4533-PSG, 2012 U.S. Dist. LEXIS 182317, at *13-14; *Allen v.*

13  *United Fin. Mortgage Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009); *Hamilton v. Bank of Blue*

14  *Valley*, 746 F. Supp. 2d 1160, 1175 (E.D. Cal. 2010).  Here, Plaintiff claims an unascertained amount of

15  damages as the result of Defendants' actions.  *See* FAC ¶¶ 100-103.  Plaintiff claims actual damages,

16  including devastation of reputation and credit rating and late fees, and general damages including mental

17  anguish and inconvenience.  *Id.* ¶¶ 101-102.  In addition, Plaintiff alleges uncertainty whether payments

18  have been properly applied, and purports entitlement to recover for attorney's fees and costs.  *Id.* ¶¶ 99,

19  103.  These conclusory allegations are simply unsupported by *allegations of fact* and are not commensurate

20  with allegations that "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550

21  U.S. 544, 555 (2007).  For all of these reasons, Plaintiff's RESPA claim fails.

22  **F.      Plaintiff's Seventh Cause Of Action For Violation Of RICO Is Inadequately Pled**

23          Plaintiff's seventh cause of action for violation of the Racketeer Influenced and Corrupt

24  Organizations Act, 18 U.S.C. § 1962 ("RICO")[19], brings identical allegations as those in his failed original

---

25  [18] Furthermore, to the extent Plaintiff claims a violation of RESPA based on securitization, these
26  claims fail.  *See supra* Sections IV.B.5; IV.C.1.
    [19] RICO makes it illegal for "any person employed by or associated with any enterprise engaged in,
27  or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or
    indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity" or to
    conspire to do so.  18 U.S.C. §§ 1962(c), (d).  Thus, to state a claim for a violation of this section, a
28  plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering

– 18 –

1  Complaint, still reads as a manifesto against the mortgage industry, and again alleges in a conclusory way

2  that the acts about which Plaintiff complains constitute mail and wire fraud.  *See* FAC ¶¶ 105-135.

3  Plaintiff's RICO and fraud claims are fatally defective because they fail to meet the basic elements required

4  for such claims, and, as discussed further below, also fail to satisfy the requirement that such claims be pled

5  with particularity.  Fed. R. Civ. Proc. 9(b).  Plaintiff's claim fails.

6          Civil liability under RICO is premised on a violation of one or more provisions of 18 U.S.C. §

7  1962.  Causes of action claiming "a pattern of racketeering activity" must allege "(1) the [interstate]

8  conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Turner v. Cook*, 362 F.3d

9  1219, 1228 (9th Cir. 2004) (citing *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987)).

10  In order to constitute a "pattern," there must be at least two acts of racketeering activity within ten years of

11  one another.  18 U.S.C. § 1961(5).  However, while two predicate acts are required under RICO, they are

12  not necessarily sufficient.  *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237-38, 109 S. Ct. 2893 (1989)

13  (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n.14, 105 S. Ct. 3275 (1985)).

14          As courts have recognized, generalized allegations such as those made by Plaintiff do not

15  adequately plead the existence of an enterprise, the nature of the alleged enterprise, Defendants' purported

16  role in the enterprise, or a pattern of racketeering activity.  *See Banh v. Bank of America, N.A.*, 2012 WL

17  1670211, *4-5 (N.D.Cal., 2012) (dismissing identical claim).  "Rather than plead specific facts about

18  plaintiffs' loan," Plaintiffs' FAC "presents a generalized grievance about mortgage securitization and the

19  mortgage industry; and, plaintiffs make highly generalized and conclusory assertions that [Defendants]

20  allegedly defrauded them (and other borrowers) by pursuing foreclosure without the authority to do so."

21  *Id*.  "This is not sufficient to state a plausible claim for relief."  *Id*; *see also Reyes v. WMC Mortg. Corp.*,

22  2012 WL 1067560, 6 (N.D.Cal., 2012); *Sanchez v. American Brokers Conduit*, 2011 WL 164634, *3

23  (C.D.Cal., 2011) (dismissing with prejudice a RICO claim containing similar allegations about

24  securitization of mortgage loans).  Plaintiff's claim therefore must be rejected.

25  **G.     Plaintiff's Eighth Cause Of Action For Violation Of The UCL Fails To State A Claim**

26          Plaintiff's eighth cause of action for UCL violation in the instant FAC is identical to his failed UCL

27  activity."  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Inasmuch as Plaintiff's RICO

28  claim is based on the predicate crimes of mail and wire fraud [*see, e.g.*, FAC ¶ 117] those predicate

acts must be pled with particularity.  *Odom v. Microsoft Corp.*, 486 F.3d 541, 553–54 (9th Cir.2006).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 19 –

cause of action in the original Complaint, and accordingly still fails to state any valid claim. Plaintiff still alleges that Defendants engaged in unfair, unlawful, and fraudulent business practices based on his previous allegations of "robo-signing", securitization, and an improperly initiated foreclosure based on a broken chain of title. *See* FAC ¶¶ 138-139. However, Plaintiff's claim fails because he lacks standing and does not allege wrongful conduct.

### 1.    Plaintiff Lacks Standing To Assert A Claim Under The UCL

To have standing to pursue a UCL claim, Plaintiff must allege that he "[has] suffered *injury in fact and has lost money or property*" as a result of the alleged unfair practices. Bus. & Prof. Code § 17204 (emphasis added); *see R&B Auto Ctr., Inc. v. Farmers Group, Inc.*, 140 Cal. App. 4th 327, 360 (2006). As a necessary corollary, where a plaintiff alleges a UCL action against multiple defendants, he must allege that he "suffered injury in fact [or] lost money or property as a result of [the alleged] unfair competition" of each defendant. *See Schulz v. Neovi Data Corp*, 152 Cal. App. 4th 86, 92 (2007). Here, Plaintiff generally alleges he has suffered injury in fact because a cloud has been placed on his title, and has also suffered monetary damages in an amount to be proven at trial. *See* FAC ¶ 140. However, Plaintiff's conclusory allegations are factually unsupported, and he has not pled suffering any other specific loss in relation to Defendants' purported misconduct. Moreover, Plaintiff fails to differentiate between the named Defendants and allege how the purported actions of each Defendant caused him harm. Plaintiff has not alleged the necessary injury in fact, or loss of money or property, to have proper standing to pursue a UCL claim. Thus, Plaintiff's UCL claim necessarily fails.

### 2.    Plaintiff Fails To Allege Any Wrongful Conduct

Finally, Plaintiff's UCL claim fails for the additional reason that it does not allege any wrongful conduct. Under the "unlawful" prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). Under a "fraud" theory, a plaintiff must show that "members of the public are likely to be 'deceived'" by the defendant's practices. *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) (citing *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 951 (2002)). "Unfair" conduct in UCL actions must be violative of a public policy "tethered to specific constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Super. Ct.*, 108 Cal. App. 4th 917, 940 (2003); *Cel-Tech Communications,*

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 185 (1999).  Moreover, "A plaintiff alleging unfair business practices [under the UCL] must state **with reasonable particularity** the facts supporting the statutory elements of the violation."  *Khoury v. Maly's of California*, 14 Cal. App. 4th 612, 617 (1993) (emph. added).  Finally, if a plaintiff has not stated a claim for the predicate acts upon which he bases his UCL claim, the UCL claim also must be dismissed.  *See Gaitan v. MERS*, 2009 WL 3244729, at *7 (C.D. Cal. 2009).

Here, Plaintiff fails to plead a claim for relief under any of the UCL prongs.  As explained herein, all of Plaintiff's causes of action fail as a matter of law.  *See supra* Sections IV.A-F; *infra* Section IV.H. Plaintiff's allegations do not plead facts, let alone specific facts, to prove violation of other laws that would satisfy the "unlawful" prong.  Moreover, Plaintiff fails to state that Defendants' acts and practices are likely to deceive members of the public such that he cannot satisfy the "fraud" prong.  Finally, Plaintiff fails to allege that Defendants' actions violated any public policy, or state any facts in support to satisfy the "unfair" prong.  With no predicate act or specific facts to support it, Plaintiff's UCL claim fails to plead a any "unfair, unlawful or fraudulent" business practices.  Accordingly, Plaintiff's UCL claim fails.

**H.      Plaintiff's Ninth Cause Of Action Fails To State A Violation Of TILA**

In his ninth cause of action, Plaintiff alleges Defendants violated TILA by failing to provide Plaintiff with accurate material disclosures.  *See FAC* ¶ 143.  However, Plaintiff's claims for both damages and rescission under TILA are barred by the statute of limitations.  *See supra* Section IV.A.  Although Plaintiff alleges that the statute of limitations should be tolled because he was not aware of the assignment until commencing this litigation in June 2013, this does not allege specific facts establishing that he did not know of the injury and lacked the means to learn of the injury, as well as the time and manner of his eventual discovery.  See *Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1407 (9th Cir. 1995).[20]  In

---

[20] Plaintiff's claim for rescission fails regardless of any argument for equitable tolling.  TILA provides that "the right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, *notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor.*" 15 U.S.C. § 1635(f) (emph. added).  The Ninth Circuit has recognized that "Section 1635 is a statute of repose, depriving the courts of subject matter jurisdiction when a section 1635 claim is brought outside the three year limitation period." *Miguel*, 309 F.3d at 1164 (citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410 (1998)); *see also Ramos v. Citimortgage, Inc.*, No. 08-02250 WBS KJM, 2009 WL 86744, at *3 (E.D. Cal. Jan. 8, 2009);  *Herrera v. Countrywide KB Home Loans*, No. 10-0902 JF (HRL), 2010 WL 1839010, at *4 (N.D. Cal. May 4, 2010) (finding that "unlike §1640(e), the limitations period of 15 U.S.C. § 1635(f) is not subject to equitable tolling" and granting defendant's motion to dismiss plaintiff's TILA rescission claim for failure to bring within statutory period).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 21 –

1  addition, Plaintiff's claim is insufficiently pled and Plaintiff fails to allege reliance.

2  **1.    Plaintiff's TILA Claim Is Inadequately Pled**

3       As an initial matter, Plaintiff does not—and cannot— allege facts establishing Defendants violated

4  TILA.  To state a TILA claim, a plaintiff must specifically plead the details of his loan and accompanying

5  disclosures, which disclosures plaintiff alleges were improperly given, and how they were improper.  *See*

6  *Marks v. Chicoine,* No. 06-06806, 2007 WL 160992, at *7 (N.D. Cal. Jan. 18, 2007) (dismissing TILA and

7  HOEPA claims for failure to allege how defendants violated those statutes); *Justice v. Countrywide Home*

8  *Loans, Inc.,* No. 05-008, 2006 WL 141746, at *2 (E.D. Tenn. Jan. 18, 2006) (dismissing TILA claim based

9  upon the "mere recitation of statutory language, absent supporting allegations").

10      15 U.S.C. Section 1641, which governs the liability of assignees of consumer credit transactions,

11  was amended in 2009 to include Subsection (g).  *See* Pub. L. 11-22, Div. A, § 404(a).  Subsection (g) states

12  that "[n]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or

13  assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower

14  in writing of such transfer …."  15 U.S.C. § 1641(g)(1).  However, TILA expressly provides that "[a]

15  servicer of a consumer obligation … shall not be treated as an assignee … unless the servicer is or was the

16  owner of the obligation."  15 U.S.C. § 1641(f)(1); *see also id.* § 1641(f)(2) (stating that "[a] servicer …

17  shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment

18  of the obligation from the creditor or other assignee to the servicer solely for the administrative

19  convenience of the servicer in servicing the obligation").

20      Here, Plaintiff does not plead any facts to support his conclusory allegation that Defendants failed

21  to "provide disclosures regarding payment schedules and terms and violations of prohibitions regarding

22  high-rate, high-fee loans."  *See* FAC ¶ 145.  Moreover, Plaintiff fails to allege that Defendants are servicers

23  as defined under TILA.  Finally, Plaintiff fails to plead any facts to show Defendants violated TILA in any

24  way.  Thus, Plaintiff's cause of action for violation of TILA fails as a matter of law.

25  **2.    Plaintiff Fails To Allege Reliance Or Damages**

26      Plaintiff also fails to plead reliance on any allegedly inadequate disclosure – a necessary element of

27  any claim for actual damages based upon an alleged TILA violation.  15 U.S.C. § 1640(a); *Gold Country*

28  *Lenders v. Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002).  Plaintiff fails to allege that he relied to his

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 22 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   detriment on any inadequate representation from Defendants.  Further, Plaintiff does not identify any

2   specific damages he has suffered, instead generically and conclusorily stating he "has incurred and [will]

3   continue to incur damages in an amount according to proof."  *See* FAC ¶ 147.  Thus, Plaintiff cannot

4   receive damages under TILA.  Finally, Plaintiff's request for rescission fails.  *Id.* ¶ 146.  Even if Plaintiff's

5   TILA rescission claim were timely, it would still fail because Plaintiff offers no evidence that he has

6   tendered, or can tender, the borrowed funds back to the lender.  *See Yamamoto v. Bank of N.Y.*, 329 F.3d

7   1167, 1171 (9th Cir. 2003) ("Rescission should be conditioned on repayment of the amounts advanced by

8   the lender"); *see also Garcia v. Wachovia Mortg. Corp.*, No. 09-03925, 2009 WL 3837621, at *3 (C.D.

9   Cal. Oct. 14, 2009) ("The majority of Courts to address the issue recently have required that borrowers

10  allege an ability to tender the principal balance of the subject loan in order to state a claim for rescission

11  under TILA.").  Finally, as a matter of law, the right to rescission under TILA "does *not* apply to a

12  *residential mortgage transaction* as defined in section 1602(w)."  15 U.S.C. § 1635(e)(1) (emph. added).

13  Section 1602(w), in turn, provides that "the term '*residential mortgage transaction*' means a transaction in

14  which a mortgage, deed of trust, purchase money security interest arising under an installment sales

15  contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to

16  *finance the acquisition or initial construction* of such dwelling.").  *Id.* § 1602(w) (emph. added).  Case law

17  confirms that sections 1602(w) and 1635(e)(1) exempt residential mortgage transactions from TILA's right

18  of rescission.  *See, e.g.*, *Cataulin v. Wash. Mut. Bank, SFB*, 2009 WL 648921, at *4 (S.D. Cal. Mar. 9,

19  2009) ("[R]esidential mortgage transactions are excluded from TILA's rescission provisions.").  Here,

20  Plaintiff does not dispute that this is a residential mortgage transaction, and accordingly, rescission is not

21  available to Plaintiff.

## V.   CONCLUSION

22

23      For the reasons set forth above, Defendant respectfully requests that the Court grant this Motion to

24  Dismiss without leave to amend.  To the extent a *lis pendens* is recorded against the underlying property

25  commonly identified as 2180 Wynfair Ridge Way, San Jose, California 95138, Defendant requests that it

26  be expunged.

27  ///

28  ///

DATED:  February 7, 2014          REED SMITH LLP


                                  By:  _/s/ Matthew S. Vesterdahl_____
                                       Matthew Vesterdahl (SBN 279769)
                                       Attorneys for Defendants
                                       Bank of America, N.A., successor by merger to
                                       LaSalle Bank, N.A., as Trustee for Washington
                                       Mutual Mortgage Pass-Through Certificates,
                                       WMALT Series 2007-OA3 Trust (erroneously sued as
                                       "Bank of America, N.A. as successor in interest to
                                       LaSalle Bank, N.A. as trustee for Washington Mutual
                                       Mortgage Pass-Through Certificates, WAMU Series
                                       2007-OA3 Trust"); and Mortgage Electronic
                                       Registration Systems, Inc.

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF