UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID G. VELEZ,<br><br>    Plaintiff,<br>    v.<br><br>BANK OF AMERICA, et al,<br><br>    Defendants. | Case No. 5:13-cv-02834-PSG<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>**(Re: Docket Nos. 73, 75 )** |

Defendants Bank Of America, N.A., WaMu Series 2007- OA3 Trust, J.P. Morgan Chase Bank, California Reconveyance Company, and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") filed a motion to dismiss the original complaint, which the court granted on December 18, 2013, identifying several fundamental flaws with Plaintiff David G. Velez' legal theory. On January 17, 2014, Velez filed an amended complaint, which Defendants now seek to dismiss by two separate motions. Velez opposes. The parties appeared for hearing. Because the same fundamental flaws that mandated dismissal of the first complaint remain in this version, the court GRANTS the motions.

## I. BACKGROUND

The court draws the following facts, taken as true for the purposes of the motion to dismiss, from Velez' complaint and from the documents judicially noticed.[1]

On November 8, 2006, Velez obtained a loan from Plaza Home Mortgage, Inc., ("Plaza Home"). At that time, Velez signed a Deed of Trust ("DOT") against 2180 Wynfair Ridge Way, San Jose, CA 95138 ("the Property") to secure a Promissory Note ("Note") in the amount of $1,500,000 as part of the loan agreement.[2] The Note listed "Mortgage Electronic Registration Systems" ("MERS") as beneficiary and was recorded on November 15, 2006.[3]

On January 31, 2009, MERS recorded a transfer of the DOT and Note to LaSalle Bank ("LaSalle"), as Trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OA3 Trust.[4]

On February 3, 2009, a Substitution of Trustee was recorded in connection with the DOT, substituting in CRC as Trustee.[5] On the same day, CRC requested the recording of a Notice of Default and Election to Sell Under Deed of Trust, which was recorded on the same day.[6]

On October 12, 2011, CRC requested and recorded the first of three Notice of Trustee's Sale in connection with the DOT.[7] The sales were scheduled for November 12, 2010, April 1, 2011, and November 2, 2011, but have not yet taken place.

---

[1] See Docket No. 72 (See also Docket No.1).

[2] See id. at ¶ 3A.

[3] See id, ¶ 11.

[4] See Docket No. 72 at 3.

[5] See Docket No. 72 at 6.

[6] See Docket No. 72 at 6.

[7] See Docket No. 72 at 6.

2
Case No. 5:13-cv-02834-PSG
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

On June 20, 2013, Velez filed this suit, alleging violations of both state and federal laws connection with the foreclosure process on his home.[8]

On July 30, 2013, Defendants moved to dismiss Velez' complaint, a request which the court granted on December 18, 2013, with leave to file an amended complaint.[9]

## II.     LEGAL STANDARDS

Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[10] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[11] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[13]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[14] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and

---

[8] *See* Docket No. 72.

[9] *See* Docket No. 63 at 10.

[10] Fed. R. Civ. P. 8(a)(2).

[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[13] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

[14] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

3
Case No. 5:13-cv-02834-PSG
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

matters of which the court may take judicial notice.[15] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[16]

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear… that the complaint could not be saved by amendment."[17]

### III.   DISCUSSION

In its December 18, 2013 order, the court granted Defendants' motions to dismiss not simply because the facts were insufficiently pleaded, but because Velez' theories of liability were not legally operative.[18] This district has consistently rejected attempts to challenge foreclosures based on the securitization of loans because plaintiffs almost always lack standing as third-parties to the contract. Velez' original complaint relied on exactly that type of challenge, and the same theory undergirds its present iteration. The state of the law in this district has not changed. Now, as before, it is "patently incorrect" that Velez has standing to challenge the securitization agreement.[19] As in his prior complaint, without standing to challenge the securitization process, seven of Velez' causes of action fail: breach of express agreement, breach of implied agreement, slander of title, wrongful foreclosure, violations of Cal. Civ. Code Section 2923.5, RICO violations, and UCL violations.[20] These causes of action are dismissed.

---

[15] *See id.* at 1061.

[16] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[17] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[18] *See* Docket No. 63 at 6.

[19] *Nguyen v. JP Morgan Chase Bank, N.A.,* Case No. 5:12-cv-04183, 2012 WL 4942816, at *3 (N.D. Cal. Oct. 17, 2012).

[20] *See* Docket No. 63 at 5-6.

Velez is left with his sixth, ninth, and tenth causes of action. Like the other seven, his sixth cause of action is identical to its prior iteration. RESPA states that anyone who "fails to comply with any provision of [the statute] shall be liable to the borrower" for damages.[21] Courts have interpreted RESPA to require plaintiffs to make some specific allegation of pecuniary damage in order pursue the claim.[22] Velez' current complaint asserts the same conclusory allegations, with a similar lack of specificity.[23] Therefore, Velez' RESPA claim fails for the same reasons given in the previous court order.[24]

Velez did make at least one change to his ninth cause of action; he added a contention that Defendants failed to notify Velez with material disclosures that his loan was transferred to a third party.[25] However, this allegation is insufficient to save the claim as it does not establish at what point Velez eventually learned of the transfer, such that the court can meaningfully evaluate his diligence in bringing the claim.[26] Accordingly, Velez' claim for the violation of TILA is dismissed as inadequately plead. Finally, as before, Velez' claim for injunctive relief fails because each and every underlying claim has been dismissed.

Because any further amendment would not save Velez' complaint, Defendants' motion to dismiss is GRANTED without further leave to amend. Judgment shall be entered for Defendants.

---

[21] 12 U.S.C. § 2605(f).

[22] *See, e.g., Bhandari v. Capital One, N.A.,* Case No. 5:12-cv-4533-PSG, 2012 U.S. Dist. LEXIS 182317, at *13-14; *Allen v. United Fin. Mortgage Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009).

[23] *See* Docket No. 72 (*See also* Docket No.1).

[24] *See* Docket No. 72 at 31-32.

[25] *See* Docket No. 63 at 8.

[26] *See Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1407 (9th Cir. 1995).

5

Case No. 5:13-cv-02834-PSG
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

**IT IS SO ORDERED.**

Dated:  April 11, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge